***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted on April 11, reversed and remanded October 5, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLLIN QUENTIN HOAG,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR57456; A174321

Amanda R. Benjamin, Judge pro tempore.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

POWERS, P. J.

Reversed and remanded.

**POWERS, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4), and contends in two combined assignments of error that the trial court erred in denying his motion to suppress physical evidence and his statements. Before trial, defendant filed a motion to suppress, which the trial court denied. Subsequently, defendant entered a conditional guilty plea pursuant to ORS 135.335(3), reserving for appeal the trial court's denial of his "motion to dismiss due to lack of probable cause for stop & arrest of defendant." For the reasons that follow, we conclude that defendant reserved his right to appeal the denial of the motion to suppress as it related to his argument that he was arrested without probable cause. We further conclude that the trial court erred in denying the motion to suppress, because defendant was arrested when he was handcuffed, which requires probable cause, and the trial court's determination that the arresting officer had reasonable suspicion was insufficient to justify that arrest. Accordingly, we reverse and remand to allow defendant the opportunity to withdraw his guilty plea and for the court to reconsider defendant's suppression motion under the correct legal standard if defendant withdraws his plea.

As an initial matter, we first consider whether defendant reserved his right to appeal the adverse pretrial ruling. Under ORS 135.335(3), a defendant "may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion." As we have explained, to meet the requirements of ORS 135.335(3), the reservation must be in writing and the reservation must specify the pretrial motion for which appellate review is sought, although that latter specification need not be in writing. *State v. Slight*, 301 Or App 237, 241, 243, 456 P3d 366 (2019).

Here, defendant reserved in writing the "denial of defense motion to dismiss due to lack of probable cause for stop & arrest of defendant." That readily satisfies the requirement that the reservation be in writing. The

remaining question is whether defendant's reservation specified the pretrial ruling for which he now seeks appellate review.

We conclude that defendant's reservation adequately specified part of the pretrial ruling that he now challenges on appeal, *viz.*, the denial of the motion to suppress to the extent that the denial related to defendant's arguments about an unlawful arrest. That reservation encompassed his argument on appeal that the trial court should have suppressed physical evidence (his keys) and his statements because that evidence derived from the unlawful arrest.[1] To the extent that the state's argument suggests that defendant's reservation specified only the question of whether probable cause justified his stop or arrest and did not encompass the discovery of his car keys and admission to driving, we are unpersuaded. In his conditional guilty plea, defendant reserved for appeal the "denial of defense motion to dismiss due to lack of probable cause," although the trial court's pretrial ruling was a denial of his motion to suppress. In spite of defendant's reservation's reference to the denial of a "motion to dismiss" rather than the "motion to suppress," we understand defendant to have reserved the denial of the motion to suppress to the extent that the denial related to his argument that he was arrested without probable cause and that evidence derived from that unlawful arrest should have been suppressed. Accordingly, we turn to the merits of that argument.

We review the trial court's ruling denying defendant's motion to suppress for legal error. *State v. Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017). In so doing, we are bound by the court's factual findings if there is constitutionally sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). Where the court did not make express findings, and there is evidence

---

[1] We reject defendant's contention that he reserved the pretrial ruling as it pertained to an invocation of his right to remain silent under Article I, section 12, of the Oregon Constitution. The written reservation specifically focused on the motion to suppress "due to lack of probable cause for stop & arrest of defendant" and did not include any reference to the independent ground for suppression under Article I, section 12. Accordingly, we do not address defendant's argument on that point.

from which the court could have found a fact in more than one way, we presume that the court decided the facts consistently with its ultimate conclusion. *Id.*

Applying that standard of review, we briefly recount the facts. On a late August day around 2:00 a.m., a Lincoln County Deputy Sheriff saw defendant near a car that was unlawfully parked and blocking a lane of traffic on Highway 101 in downtown Newport. The car, which was parked on the wrong side of the highway, was registered in defendant's name. While speaking with defendant, the deputy observed signs of intoxication, including bloodshot and watery eyes and slurred speech. When defendant began to walk away, the deputy, who was alone, handcuffed defendant and read him *Miranda* warnings. Defendant confirmed that he understood his rights and continued to speak with the deputy and with a cover officer who had arrived. Among other statements, defendant acknowledged that the car keys in his pocket belonged to him and admitted that he had driven the car. The deputy then told defendant that he was under arrest.

Before trial, defendant filed a motion to suppress. At the suppression hearing, defendant asserted, among other arguments, that he was arrested without probable cause when he was handcuffed and that all evidence stemming from the unlawful arrest should be suppressed, including the keys and his statements. The trial court denied the motion, concluding that defendant was "clearly seized at the point or stopped at the point when he was *** placed in handcuffs by the officer" and that the deputy had reasonable suspicion that the crime of DUII had been committed.

On appeal, defendant contends, and the state concedes, that defendant was arrested when he was handcuffed, and that the trial court's ruling that the deputy had reasonable suspicion of DUII was insufficient to justify defendant's arrest. We agree that, under the circumstances of this case, defendant was arrested when he was handcuffed and that the trial court's determination of reasonable suspicion was insufficient to justify that arrest. *See, e.g.*, *State v. Phillips*, 312 Or App 239, 247 n 4, 491 P3d 99 (2021) (explaining that "the restriction imposed by handcuffing defendant typically

converts a stop into an arrest, requiring the officer to possess probable cause, not reasonable suspicion, of the commission of a crime"). Accordingly, we conclude that the trial court erred in denying defendant's motion to suppress, and we also decline to affirm under the alternative basis advanced by the state. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (outlining the requirements for affirming based on the "right for the wrong reason" doctrine).

    As previously discussed, defendant's conviction in this case was the result of a conditional guilty plea under ORS 135.335(3), which provides:

> "With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

Because defendant has prevailed on appeal, we reverse and remand to allow defendant the opportunity to withdraw his guilty plea. If defendant withdraws his guilty plea, the trial court will have the opportunity to reconsider defendant's suppression motion under the correct legal standard. *See, e.g.*, *State v. Smith*, 295 Or App 135, 136, 430 P3d 228 (2018) (explaining that, when we reverse a judgment of conviction based on a conditional guilty plea under ORS 135.335(3) because the trial court applied an incorrect legal standard in denying the suppression motion, the correct disposition is to direct the trial court to allow the defendant to withdraw the guilty plea and "for the court to reconsider defendant's suppression motion under the correct legal standard if defendant withdraws [the] plea").

    Reversed and remanded.